Jeremy Branch, Esq. (State Bar #303240)
The Law Office of Jeffrey E Lohman
4740 Green River Road, Suite 206
Corona, CA 92880
Phone 866-329-9217
Fax 714-362-0097
jbranch@jlohman.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FRANK GUTIERREZ,

        Plaintiff

vs.

SLAC, INC.

        Defendant.

CASE NO.: 8:17-cv-01227

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

    Defendant, SLAC, INC, ("SLACE") ("Defendant"), by and through its undersigned attorney, hereby files Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and answers as follows:

    1.    Paragraph 1 purports to characterize the Complaint, which is a writing and speaks for itself. SLAC denies any allegations inconsistent therewith and denies any and all violations, liability and or damages.

## JURISDICTION & VENUE

    2.    SLAC admits this court has federal question jurisdiction over Plaintiff's claim. SLAC denies it violated the Telephone Consumer Protection Act (TCPA)

3. SLAC admits Venue is proper.

## PARTIES

4. SLAC is without sufficient information to admit or deny the allegations in Paragraph 4 and, therefore, denies the same.

5. SLAC denies that it is a student loan servicer.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 3 and, on that basis, denies the same.

7. SLAC denies the allegations made by Plaintiff in Paragraph 7.

## FACTUAL ALLEGATIONS

8. Defendant denies Plaintiff's allegations made in Paragraph 8.

9. The statement in Paragraph 9 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 7 of the Complaint asserts any factual allegations, SLAC denies them.

10. Defendant admits that the telephone number ending in 2501 is owned by Defendant. Defendant denies that it contacted Plaintiff.

11. Defendant denies placing phone calls to Plaintiff.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 12 and, on that basis, denies the same.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 13 and, on that basis, denies the same.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 14 and, on that basis, denies the same.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 15 and, on that basis, denies the same.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 16 and, on that basis, denies the same.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 17 and, on that basis, denies the same.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 18 and, on that basis, denies the same.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 19 and, on that basis, denies the same.

## CLASS ALLEGATIONS

20. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 20 and, on that basis, denies the same.

21. Defendant denies Plaintiff's first class as defined for being overbroad and lacking specificity.

22. Defendant denies Plaintiff's second class as defined for being overbroad and lacking specificity.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 23 and, on that basis, denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 24 and, on that basis, denies the same.

25. Defendant denies Plaintiff's statements in Paragraph 25

26. Defendant denies Plaintiff's statements in Paragraph 26.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 27 and, on that basis, denies the same.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 28 and, on that basis, denies the same.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 29 and, on that basis, denies the same.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 30 and, on that basis, denies the same.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 31 and, on that basis, denies the same.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 32 and, on that basis, denies the same.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 33 and, on that basis, denies the same.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 34 and, on that basis, denies the same.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 35 and, on that basis, denies the same.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any factual allegations contained in Paragraph 36 and, on that basis, denies the same.

**FIRST CAUSE OF ACTION**

37. To the extent Paragraph 37 of the Complaint requires a response, SLAC incorporates its responses to Paragraphs 1 through 36, above.

38. The statement in Paragraph 38 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 38 of the Complaint

asserts any factual allegations, SLAC denies the same. SLAC denies it violated the TCPA.

39. The statement in Paragraph 39 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 39 of the Complaint asserts any factual allegations, SLAC denies the same.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION

41. To the extent Paragraph 41 of the Complaint requires a response, SLAC incorporates its responses to Paragraphs 1 through 36, above.

42. The statement in Paragraph 42 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 42 of the Complaint asserts any factual allegations, SLAC denies the same. SLAC denies it violated the TCPA.

43. The statement in Paragraph 43 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 43 of the Complaint asserts any factual allegations, SLAC denies the same.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION

45. To the extent Paragraph 45 of the Complaint requires a response, SLAC incorporates its responses to Paragraphs 1 through 36, above.

46. The statement in Paragraph 46 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 46 of the Complaint asserts any factual allegations, SLAC denies the same. SLAC denies it violated the TCPA.

47. The statement in Paragraph 47 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 47 of the Complaint asserts any factual allegations, SLAC denies the same.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

## FOURTH CAUSE OF ACTION

49. To the extent Paragraph 49 of the Complaint requires a response, SLAC incorporates its responses to Paragraphs 1 through 36, above.

50. The statement in Paragraph 50 of the Complaint constitutes a legal conclusion to which no response is required. To the extent Paragraph 50 of the Complaint asserts any factual allegations, SLAC denies the same. SLAC denies it violated the TCPA.

51. The statement in Paragraph 51 of the Complaint constitutes a legal conclusion to which no response is required. To the extent paragraph 51 of the Complaint asserts any factual allegations, SLAC denies the same.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

To the extent the unnumbered paragraphs between Paragraphs 52 and 53 assert any factual allegations, SLAC denies same. SLAC expressly denies Plaintiff is entitled to recover any relief from SLAC on any count including, but not limited to, the statutory damages, actual damages, compensatory damages, costs and attorneys' fees.

## JURY DEMAND

53. In response to the allegations in Paragraph 53 of Plaintiff's Complaint, SLAC admits Plaintiff requests a trial by jury. To the extent Paragraph 53 of the Complaint asserts any factual allegations, SLAC denies the same.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the causes of action in the Complaint, SLAC alleges the affirmative defenses set forth below. By the following allegations, SLAC does not assume the burden of proving any fact or element of a cause of action where such burden properly belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against SLAC.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for all calls allegedly placed to his cell phone number by any alleged automatic telephone dialing system.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and/or other equitable principles.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff was not "charged" for any of the alleged calls as required by 47 U.S.C. § 227(b)(1)(A)(iii).

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

6. SLAC specifically denies it willfully or knowingly violated the TCPA, and denies it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7. SLAC is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint. However, if SLAC is found to be legally responsible in any manner, it alleges its legal responsibilities are not the sole and proximate cause of the injuries; any damages awarded are to be apportioned in accordance with the fault and legal responsibility of all non-defendant parties, persons and entities, or the agents, servants and employees of such non-defendant parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### EIGHT AFFIRMATIVE DEFENSE

8. Plaintiff is barred from recovery because any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of SLAC.

### NINTH AFFIRMATIVE DEFENSE

9. SLAC has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated, affirmative defenses available. SLAC therefore reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**WHEREFORE**, SLAC prays for judgment as follows:

1. The Complaint and every cause of action therein be dismissed with prejudice;

2. Plaintiff's prayers for relief – each and every one of them – be denied;

3. Judgment be entered in favor of SLAC;

4. SLAC be awarded its costs and attorneys' fees in this action, if allowable; and

5. SLAC be awarded such other relief as the Court deems proper.

DATED this 18th day of August, 2017.

/s/ Jeremy Branch
By: Jeremy Branch, Esq.
The Law Office of Jeffrey E Lohman
4740 Green River Road, Suite 206
Corona, CA 92880
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 18, 217, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Jeremy Branch*

Jeremy Branch
Attorney for Defendant